**UNITED STATES of America,
Appellee,**

v.

**Nathaniel Eugene MURPHY,
Appellant.**

**No. 75–1499.**

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 1, 1975.

Decided Feb. 4, 1976.

Howard L. Bernstein, Alexandria, Va. [Court-appointed counsel], for appellant.

James R. Hubbard, Asst. U. S. Atty. (William B. Cummings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Circuit Judge, CRAVEN, Circuit Judge, and KAUFMAN, District Judge.*

PER CURIAM:

Nathaniel Eugene Murphy pleaded guilty to a violation of 26 U.S.C. § 5861(d) [possession of a sawed-off shotgun] and was sentenced to a five-year term of imprisonment. Because he was denied the right of allocution, guaranteed by Rule 32(a)(1) [1] of the Federal

---

* Sitting by Designation.

1. Fed.R.Crim.P. 32(a)(1) provides:

Imposition of Sentence. Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and *shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.* (emphasis added).

Rules of Criminal Procedure and *Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), we reverse.

The district court engaged in an extensive colloquy with the defendant about how he acquired the gun and what he meant to do with it, ending in the following exchange:

[THE COURT:] A sawed-off shotgun can only be used for a crime of violence to scare the hello (sic) out of somebody or blow their head off; you know you can't shoot rabbits with a sawed-off shotgun, do you not?

THE DEFENDANT: Yes.

THE COURT: So, you couldn't have it for any purpose other than some illegal purpose.

Anything else you want to tell me before I pronounce sentence in this case?

Murphy did not respond to the last inquiry, but his counsel, Mr. Bernstein, did speak briefly. When he had finished the court again asked the question "Do you want to tell me anything else?" To which inquiry the Assistant United States Attorney, Mr. Williams, responded "No, your Honor." Again, Murphy did not respond.

Rule 32 is perfectly clear. Not only shall the court afford counsel an opportunity to speak, but he shall address the defendant personally and invite him to make a statement *in his own behalf bearing upon mitigation of punishment.*[2] Examining the defendant about why he bought the contraband and what he meant to do with it does not comply with the rule. As for the quoted questions, we cannot tell to whom they were addressed; but we know who answered, and neither time was it Murphy.

As the Supreme Court said in *Green, supra,* the trial judge's question may have been directed to the defendant and not to his counsel [or the Assistant United States Attorney]. But

[a] record, certainly this record, unlike a play, is unaccompanied with stage directions which may tell the significant cast of the eye or the nod of the head. It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel. . . .

However, to avoid litigation arising out of ambiguous records in order to determine whether the trial judge did address himself to the defendant personally, we think that the problem should be, as it readily can be, taken out of the realm of controversy. This is easily accomplished. Trial judges before sentencing should, as a matter of good judicial administration, unambiguously address themselves to the defendant. *Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.*

*Id.* at 304–05, 81 S.Ct. at 655 (emphasis added).

Because of the district judge's failure to accord the appellant the right of allocution, we reverse and remand for resentencing before a different district judge. In view of our disposition of the matter, we need not presently consider the other assignments of error.

*Reversed and remanded.*

---

**2.** The Supreme Court made clear that simply affording defense counsel the right to speak does not satisfy defendant's right of allocution:

The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.

*Green, supra,* 365 U.S. at 304, 81 S.Ct. at 655.