UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary M. STUVER, a/k/a Gary M.
Stuven, Defendant–Appellant.

No. 87–5138.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1988.

Decided April 22, 1988.

Martin Franklin Klingenberg, for defendant-appellant.

Keith Gregory Logan, Sp. Asst. U.S. Atty. (Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellee.

Before PHILLIPS and ERVIN,
Circuit Judges, and HAYNSWORTH,
Senior Circuit Judge.

JAMES DICKSON PHILLIPS, Circuit Judge:

Gary Stuver pled guilty to several counts of mail and wire fraud and was sentenced to concurrent five-year terms of imprisonment, followed by five years of supervised probation. The district court ordered Stuver, as a "special condition" of this probation, to make restitution to the victim of his fraudulent scheme "in an amount to be determined by his probation officer." Stuver now appeals from that sentencing order, contending that the district court (1) failed adequately to apprise him of his right to make a statement in mitigation of

his punishment, as required by Fed.R.Crim. P. 32(a)(1); and (2) failed to follow the appropriate procedures in imposing restitution. We reject the first contention, but conclude that the order of restitution was illegally imposed. We therefore vacate and remand for resentencing.

## I

Stuver's first allegation of error is that the sentencing judge did not adequately apprise him of his right to make a statement in mitigation of his punishment, as required by Fed.R.Crim.P. 32(a)(1).[1] The Supreme Court has made clear that affording the defendant's counsel the opportunity to speak does not satisfy the rule. *Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1960). Instead, *Green* requires the court to address the defendant himself, in a manner so unambiguous that there is "no room for doubt that the defendant has been issued *a personal invitation to speak." Id.* at 305, 81 S.Ct. at 655 (emphasis added).

■ In this case, there is no doubt that the sentencing court gave Stuver such a personal invitation to speak. After an extended conversation with defense counsel concerning alleged errors in the Presentence Report, the court turned to Stuver and, addressing him by name, asked "Are there any other things in the presentence report that you feel unfairly reflect on you?" When Stuver responded "No, sir," the court asked him if there was "[a]nything else that you want to add to it that you feel would be helpful to me, before I pass sentence on you?" The following exchange ensued:

THE DEFENDANT: No, Your Honor, really not. Only I would attempt to amplify what my attorney said regarding the fact that I do accept guilt for this crime. When I pleaded guilty, it was

sincere. I regret the circumstances and all.

THE COURT: Well, the Pre-sentence Report suggests that you have no remorse at all, that this was just all in a day's work for you. Is that a fair characterization?

THE DEFENDANT: No, sir, that's not fair. That's not fair at all.

THE COURT: Well, tell me. Do you have remorse?

THE DEFENDANT: Yes, of course.

THE COURT: And I mean remorse as heartfelt as opposed to just feeling sorry for yourself because you got caught? There's different kinds of remorse, you know.

THE DEFENDANT: Yes, Your Honor, I realize that. And I do feel remorse. I feel remorse towards the injured party, primarily Mr. Abdul Baki. He was a friend whom I had known for many years.... This is the reason for my remorse, primarily, because this crime was committed not against an abstract entity, but against someone who had been my friend for many years and who had hired me for a job. I certainly feel remorseful, and I wish to do what I can in the future to repay him in some way.

Following this interchange, the court again asked Stuver himself, "Anything else that you would like to add?" When Stuver responded "No, Your Honor," the judge proceeded to sentence him.

Stuver nonetheless contends that the sentencing court failed to discharge its Rule 32(a)(1) duty because it did not tell him specifically that he had the right to speak *on the issue of mitigation.* In support of this argument, Stuver cites our decision in *United States v. Murphy,* 530 F.2d 1 (4th Cir.1976). In *Murphy,* we held that the district court did not satisfy Rule 32(a)(1) by questioning the defendant, who had pled guilty to possession of a sawed-off shotgun, about how he acquired the gun

---

1. Fed.R.Crim.P. 32(a)(1) reads, in pertinent part, as follows:

Imposition of sentence. Sentence shall be imposed without unreasonable delay. Before imposing sentence, the court shall

.  .  .  .  .

(C) address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment.

and what he meant to do with it and then asking him if there was "[a]nything else you want to tell me before I pronounce sentence?" *Id.* at 2. Stuver suggests that *Murphy* requires the sentencing court to use the exact language of the rule—i.e., "you have the right to make a statement in your own behalf and to present any information in mitigation of punishment"—in addressing the defendant. Stuver's argument, quite simply, misconstrues our decision in *Murphy*. We did hold in *Murphy* that Rule 32(a)(1) would not be satisfied by asking the defendant a series of questions on factors the court believes to be relevant to sentencing. We also held that, on the facts of that case, asking the defendant whether he had anything to tell the court before sentence was pronounced was insufficient to satisfy Rule 32(a)(1). We did so, however, *not* because the court's inquiry failed to track the literal language of the rule, but because it was unclear from the record whether the question had been addressed to the defendant himself, as opposed to his counsel, since the latter had given the response. *Id.* at 2.

No such uncertainty exists here. The court specifically addressed the defendant by name at the beginning of the interchange, and it was the defendant himself, rather than his counsel, who responded to each and every question put to him. It is clear from the defendant's responses to the court's questions that he understood that he was being allowed to speak in mitigation of his punishment, for he spoke of awareness of guilt and remorse. Under these circumstances, the court's inquiries, though they did not track the literal language of the Rule, were sufficient to satisfy its underlying concerns.

## II

■ Stuver claims next that the restitution element of his sentence was illegally imposed. We note at the outset that the record does not reveal the precise basis for the restitution order. As Stuver's offense occurred between March 1983 and January 1984, the court could have ordered restitution under either the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3579–3580, (current version at 18 U.S.C. §§ 3663–3664), or the Federal Probation Act (FPA), 18 U.S.C. § 3651 et seq. (repealed effective Nov. 1, 1987).[2] This ambiguity is of little consequence here, because the order of restitution was improper under either statute. In some cases, though, the statutory basis for the restitution order may be critical to its validity, for the two statutes require consideration of different factors. We therefore join the Sixth Circuit in admonishing sentencing judges to specify in the record the precise statute under which they act in imposing restitution. *See United States v. Shackelford,* 777 F.2d 1141, 1146 n. 4 (6th Cir.1985). Only so can effective appellate review of restitution orders be ensured.

■ As indicated, the identity of the statute under which the district court purported to act makes little difference here, for the court failed to follow the procedures applicable to either act. If the court imposed restitution under the VWPA, we must remand for resentencing because it failed to make the specific factfindings required by our decision in *United States v. Bruchey,* 810 F.2d 456 (4th Cir.1987).

■ If, on the other hand, the court acted under the FPA, a remand for resentencing would still be required, because the court did not determine the amount of restitution with sufficient specificity. Former 18 U.S.C. § 3651 gave the district court broad discretion in deciding what conditions to impose upon a probationer. *See* 18 U.S. C. § 3651 (repealed effective Nov. 1, 1987) (court may place convicted defendant on probation "upon such terms and conditions as the court deems best"); *United States*

**2.** A different statutory scheme of restitution applies for offenses occurring after November 1, 1987. Pub.L. 98–473, 98 Stat. 1987 (Oct. 12, 1984) repealed 18 U.S.C. § 3651 and renumbered 18 U.S.C. §§ 3579–3580 as 18 U.S.C. §§ 3663–3664. Under the new law, *any* sentence of restitution must be imposed in accordance with the provisions of 18 U.S.C. §§ 3663–3664 (formerly 18 U.S.C. §§ 3579–3580), even when the restitution is ordered as a condition of probation. *See* 18 U.S.C. §§ 3556, 3563(b)(3).

*v. McMichael*, 699 F.2d 193, 194 (4th Cir. 1983). But the statute authorizes the court to order restitution as a condition of probation only "for actual damages or loss caused by the offense for which conviction was had." 18 U.S.C. § 3651 (repealed effective Nov. 1, 1987). In *United States v. Taylor*, 305 F.2d 183 (4th Cir.1962), we interpreted this language to mean that the precise amount of loss must be *legally determined* in the underlying criminal proceeding. *Id.* at 187–88; *see United States v. Wright Contracting Co.*, 728 F.2d 648, 652 (4th Cir.1984); *United States v. McMichael*, 699 F.2d at 195. We therefore held that the informal—and adversarially untested—calculations of an Internal Revenue Service agent could not serve as the basis for an order of restitution. *See* 305 F.2d at 186–88. The order of restitution entered here,[3] which left the amount of restitution wholly to the discretion of the probation department, suffers from the same defect. Even if restitution was imposed under the FPA, then, we must remand for legal determination of the exact amount of actual loss caused by the offense. *See United States v. Shelby*, 573 F.2d 971, 976 (7th Cir.1978) (vacating condition of probation requiring defendant to make restitution "in such amounts and at such times as directed by the Probation Department," because there was no maximum limit corresponding to the actual loss caused by the offense for which conviction was had).

### III

The condition of probation ordering Stuver to make restitution to his victim is vacated and the case remanded for resentencing in light of this opinion. If restitution is again ordered, the court should identify the statutory basis and observe the procedures appropriate to the source identified.

VACATED AND REMANDED FOR RESENTENCING.

---

**3.** The sentencing order itself said simply: "As special conditions of probation the defendant shall make restitution to Tricon Enterprises [the victim] in an amount to be determined by his probation officer." J.A. 82. At the sentencing hearing, the district judge explained this decision as follows:

[A]s a special condition of your probation, you must make restitution to Tricon Enter- prises for an amount that is determined by the Probation Officer and the other parties involved to be due Tricon. Those figures were mentioned here by the Assistant United States Attorney this morning, but it may be that that will vary from time to time. So I give the Probation Officer total discretion in determining what that amount is. J.A. 79.