972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Winston Glen HUFF, Jr., Defendant-Appellant.
 No. 92-1043.
 United States Court of Appeals, Tenth Circuit.
 Aug. 4, 1992.
 
 Before JOHN P. MOORE, McWILLIAMS and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 Winston Huff (Huff) appeals from the judgment of the district court revoking his supervised release and imposing an eleven month sentence.
 
 
 2
 While the factual background available is limited, it appears that Huff was originally sentenced to probation by the district court, and that such probation was revoked in June of 1991. Upon revocation, the court ordered that Huff serve six months in custody followed by a period of supervised release. The record reflects that there was a special condition placed upon the supervised release, i.e., that Huff participate in drug treatment and testing as directed by his probation officer. (R., Vol. II, p. 3). The record also reflects that during the period of supervised release, Huff refused to participate in drug treatment and testing. Id. Because of his refusal to fulfill the special condition of his supervised release, Huff was arrested. After a hearing on January 28, 1992, the district court found him to be in violation of conditions attached to his supervised release, and imposed an eleven month sentence.
 
 
 3
 On appeal, Huff contends that the district court erred by sentencing him without first giving him an opportunity to exercise his right to allocution. We disagree.
 
 
 4
 Under Fed.R.Crim.P. 32(a)(1)(C), "the court shall also ... (C) address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence." It has been held that a sentencing court need not use the exact language of Rule 32 in apprising a defendant of his rights to make a statement in mitigation of his punishment if it is clear from the record that the court's inquiry is addressed to the defendant himself, as opposed to his counsel, and if it is clear from defendant's responses to the court's questions that he understands that he is being allowed to speak in mitigation of his punishment. United States v. Stuver, 845 F.2d 73, 74-75 (4th Cir.1988).
 
 
 5
 The courts have held that Rule 32 has not been complied with if the sentencing judge affords only counsel the opportunity to speak and does not personally address the defendant as to whether he wishes to make a statement, providing the defendant makes no attempt to speak on his own behalf. United States v. Posner, 868 F.2d 720, 724 (5th Cir.1989); United States v. Navarro-Flores, 628 F.2d 1178, 1184 (9th Cir.1980). In the instant case, the record clearly indicates that Huff was given the opportunity to speak on his own behalf.
 
 
 6
 Specifically, the court asked, "Let me just inquire of Mr. Huff and his attorney whether he wishes to contest the allegations?" (R., Vol. II, p. 3). This question related specifically to the probation officer's allegations that Huff had refused to participate in the drug treatment program, as required as a special condition to his release. This question went to the heart of the supervised release violation. It was the critical subject matter Huff could have addressed in mitigation if he had any basis for doing so. The question was addressed to both Huff and his attorney, thus informing them that they individually had the right to address the court in mitigation.
 
 
 7
 Later during the hearing, the court again inquired whether defense counsel wished to call a witness, or the defendant. Huff's attorney asked to have a moment, and then replied, "No. We have no testimony or evidence to introduce, ..." Id. at p. 15. This is indicative that counsel inquired of Huff relative to his desire to address the court in mitigation. It is also apparent from the record that Huff had appeared before the court twice before for sentencing, thus establishing a reasonable inference that he understood that he had the right to address the court prior to sentencing.
 
 
 8
 In our view, Huff was provided an opportunity to speak, but he declined to do so. This constitutes a waiver. In United States v. Thomas, 875 F.2d 559, 561 (6th Cir.1989), the court held that the conduct and nature of the sentencing hearing can persuade the court that the defendant deferred to the expertise of his counsel, and made a conscious decision not to speak for himself. Such is the situation here.
 
 
 9
 In Boardman v. Estelle, 957 F.2d 1523, 1527-30 (9th Cir.1992), the court held in a 28 U.S.C. § 2254 habeas proceeding that without an explicit verbal exchange between the sentencing judge and the defendant, the requirements of Green v. United States, 365 U.S. 301 (1961) had not been met. Green required trial judges to unambiguously address themselves to the defendant and issue a personal invitation to him to speak prior to sentencing. In Boardman, the state trial court affirmatively denied the defendant an opportunity to speak after he requested to do so.
 
 
 10
 In our case, Huff made no affirmative attempt to address the court, even though the district court invited him personally to do so if he wished to contest the allegations. Huff, having come before the court on two prior sentencing occasions, chose not to address the court personally. Thus, he effectively waived his right to allocution.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3