4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Scott WILLIAMS, Defendant-Appellant.
 No. 92-5770.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 15, 1993.
Decided: August 19, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.
 ARGUED: Hunt L. Charach, Federal Public Defender, for Appellant.
 Kelly D. Ambrose, Assistant United States Attorney, for Appellee.
 ON BRIEF: Leonard Kaplan, Assistant Federal Public Defender, for Appellant.
 Michael W. Carey, United States Attorney, for Appellee.
 S.D.W.Va.
 VACATED AND REMANDED
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Brian Williams appeals the $31,793.05 restitution order entered against him after he pled guilty to one violation of 18 U.S.C. Sec. 922(j) (storing a stolen firearm). He contends the order lacks statutory authorization, was improperly entered, and cannot feasibly be complied with. Because we agree with his first two contentions, we vacate the restitution order and remand for entry of a proper one.
 
 
 2
 * Williams was one of several participants in a series of thefts from the Angler's Roost gun store netting 194 firearms with a total replacement value of $31,595.71.[1] One of them was a Browning Buck Mark .22 caliber pistol Williams helped steal and subsequently transported to a motel, where he stored it.
 
 
 3
 Pursuant to a plea agreement Williams pled guilty to an Amended Information charging a violation of 18 U.S.C. Sec. 922(j), storage of a stolen firearm, with respect to that pistol. The Presentence Report recommended 10-16 months imprisonment, 2-3 years supervised release, and a $3,000-$30,000 fine. It also stated that the loss caused by Williams's conduct warranted restitution pursuant to 18 U.S.C. Sec. 3664 in the amount of $31,793.05.[2] Williams filed no objections to the Report and raised no objection to the recommendations at the sentencing hearing. The district court imposed a sentence of 16 months, with 3 years of supervised release, no fine, and restitution of $31,793.05.
 
 
 4
 Williams appealed, challenging the restitution order.
 
 II
 
 5
 Williams argues that the district court lacked statutory authority to impose restitution for the full amount of loss to the Angler's Roost based on his guilty plea to a charge of storing one pistol. He also contends that the district court failed to make the factual findings required before restitution can be imposed and therefore failed to determine that he couldn't possibly comply with the order. The government's sole defense to these claims of error is Williams's failure to raise them in the district court.
 
 
 6
 We agree with Williams that the district court improperly ordered him to make restitution for the full extent of losses suffered by the Angler's Roost and its insurer. A district court imposing restitution pursuant to 18 U.S.C. Sec. 3664 lacks authority to order restitution for losses not caused by the specific conduct which forms the basis of the offense of conviction. Hughey v. United States, 495 U.S. 411 (1990). The offense of conviction involved the storage of one stolen gun.[3] The district court nevertheless imposed restitution based on the replacement value of 194 firearms and some ancillary damage. This was contrary to law.
 
 
 7
 So too was the district court's failure adequately to make the factfindings required before imposing restitution under 18 U.S.C. Sec. 3664. In 1987 we held in United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.) that restitution orders must be accompanied by the fact findings identified in the statute to permit meaningful appellate review. Mere adoption of the Presentence Report's factfindings doesn't satisfy Bruchey's demand that those findings "be keyed to the specific type and amount of restitution ordered," id. at 459, and the government makes no argument to the contrary.
 
 
 8
 Since Bruchey's publication six years ago, we have issued five published opinions vacating restitution orders for failure to make those findings or make them adequately, United States v. Plumley,
 
 
 9
 993 F.2d 1140, 1142-43 (4th Cir. 1993); United States v. Piche, 981 F.2d 706, 718 (4th Cir. 1992), cert. denied, 113 S. Ct. 2356 (1993); United States v. Mullins, 971 F.2d 1138 (4th Cir. 1992); United States v. Ewing, 957 F.2d 115, 116 (4th Cir.), cert. denied, 112 S. Ct. 3008 (1992); United States v. Stuver, 845 F.2d 73, 75 (4th Cir. 1988), and we would've vacated another on that basis but for another reversible error. United States v. Sharp, 927 F.2d 170, 174 (4th Cir.), cert. denied, 112 S. Ct. 139 (1991). Three of the five, Plumley, Mullins, and Sharp, as well as Bruchey itself, were, like this case, appeals from the same district court. Despite all this, no factfindings were conducted, and neither counsel noted a defect in the proceedings. The continued failure of the court involved and of the United States Attorney's office to observe Bruchey's clear mandate is inexplicable to us. We decline to attribute it to simple defiance of an unwanted rule of circuit law but are at a loss for other explanation. We can only hope it suffices for now to point out the waste of judicial resources involved in the exercise.
 
 
 10
 We need not address the government's argument that Williams forfeited his claims of error by failing to raise them as objections in the district court, compare United States v. Irabor, 894 F.2d 554, 555 (2d Cir. 1990) (holding that failure to object at sentencing constitutes forfeiture); United States v. Velasquez, 868 F.2d 714, 715 (5th Cir. 1989) (same) with United States v. Cobbs, 967 F.2d 1555, 1558 (11th Cir. 1992) (per curiam) (implying that all sentences not authorized by law constitute plain error); United States v. Lashmett, 965 F.2d 179, 18586 (7th Cir. 1992) (similar); United States v. Wainwright, 938 F.2d 1096, 1098 (10th Cir. 1991) (similar), because the errors involved here are sufficiently egregious to meet the demanding plain error standard that remains applicable even if a forfeiture has occurred. See United States v. Olano, 113 S. Ct. 1770 (1993). To reverse for plain error the reviewing court must (1) identify an error, id. at 1777, (2) which is plain, id., (3) which affects substantial rights, id. at 1777-78, and (4) which "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). All these criteria are met in this case. As we have already noted, two errors occurred. As we have also noted, these errors were clear under current law. See Olano, 113 S. Ct. at 1779 (" '[P]lain' is synonymous with'clear' or, equivalently, 'obvious.' ... [T]he Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law."). The prejudice to Williams' substantial rights is likewise obvious: had the district court properly applied the statute and properly conducted the required factfinding it would not have compelled Williams to make restitution in the amount of the entire stolen stock. And finally, we have no difficulty concluding that the "fairness, integrity or public reputation" of judicial proceedings would be seriously affected were we to permit such an order to stand despite well settled law suggesting that it vastly exceeds the imposition on a convicted defendant permitted by law.[4]
 
 III
 
 11
 Because we conclude that the district court's entry of the restitution order constituted plain error, we vacate that order and remand the cause solely for entry of an appropriate one-if one is appropriate at all-in compliance with the law of this circuit.
 
 SO ORDERED
 
 
 [1]
 One of those thefts also caused $147.34 in damage to the store, bringing its total loss to $31,743.05
 
 
 [2]
 For reasons unknown, the Angler's Roost's insurer indemnified it for $31,793.05 less deductible, an amount exceeding the total actual loss by $50
 
 
 [3]
 The value of that weapon isn't part of the record on appeal
 
 
 [4]
 Our conclusion with respect to Williams's first two claims of error makes it unnecessary to reach his contention that he lacks ability to pay. Of course the district court will, on remand, consider that factor in making the required factfindings to determine whether a restitutionary order is appropriate and the amount of any such an order