<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-5050**

---

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

    v.

ANTHONY GILMER EPPERSON,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00157-NCT-1)

---

Submitted:  August 26, 2013         Decided:  August 29, 2013

---

Before DUNCAN and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gilmer Epperson pled guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a), (e) (2006). He was sentenced to a term of 250 months' imprisonment. He appeals, contending that he was denied allocution and that his sentence is substantively unreasonable. Finding no error, we affirm.

"Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). The rule is not satisfied by "[m]erely affording the Defendant's counsel the opportunity to speak." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (internal quotation marks omitted); see also United States v. Stuver, 845 F.2d 73, 74 (4th Cir. 1988) (recognizing that the record must reflect that the defendant knew he had a right to speak in mitigation). Because Epperson did not object regarding allocution in the district court, however, any error is subject to review only for plain error. See United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993) (applying plain error analysis to allocution denial).

The record discloses that Epperson was provided an opportunity to allocute and that he had ample opportunity to bring mitigating information to the court's attention. While

2

the court asked Epperson questions in an effort to understand his statements, we find no error.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). In conducting this review, we first consider whether the district court committed significant procedural error. In the absence of such error, we next consider whether the sentence is substantively reasonable. <u>Id.</u> Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the Guidelines range, this court applies a presumption of reasonableness. <u>United States v. Strieper</u>, 666 F.3d 288, 295 (4th Cir. 2012).

We conclude that Epperson's sentence is substantively reasonable. The within-Guidelines sentence is both presumptively reasonable and supported by the totality of the circumstances, including Epperson's history and characteristics, the nature of his offense and the need to protect the public. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3