**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4425**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMONT TURRENTINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00245-BO-1)

Submitted:  October 28, 2021                    Decided:  December 20, 2021

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lamont Lee Turrentine of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. The district court sentenced him to 120 months' imprisonment. Turrentine appeals, arguing that he was not afforded an opportunity to allocute. For the reasons that follow, we affirm.

Under Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure, a district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Because Turrentine failed to object at sentencing regarding the denial of his right to allocute, our review is for plain error. *United States v. Engle*, 676 F.3d 405, 424 (4th Cir. 2012). To establish plain error, Turrentine must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

"Rule 32 only requires the district court to address the defendant personally and permit him to speak or present any information to mitigate the sentence before sentence is imposed; apart from that requirement, the rule does not create a right of allocution at any specific point in the sentencing proceeding." *Engle*, 676 F.3d at 425. Moreover, when inviting a defendant to allocute, the district court is not required to explicitly track the language of Rule 32(i)(4)(A)(ii). *See United States v. Stuver*, 845 F.2d 73, 74-75 (4th Cir. 1988) (holding that Rule 32(a)(1)(C), the predecessor of Rule 32(i)(4)(A)(ii), was not violated because, although district court did not quote the language of the Rule, "[t]he court

2

specifically addressed the defendant by name at the beginning of the interchange," the defendant responded to the court's questions, and the defendant's responses evidenced that he understood he was permitted "to speak in mitigation of his punishment").

Here, the district court began the sentencing hearing by asking, "Do you want to say anything, Mr. Turrentine?" Turrentine responded, "Yes, sir" and proceeded to make several arguments, including that his attorney was ineffective, the firearm recovered by police was not his, he did not shoot at police officers, there was insufficient evidence to convict him, and the Government's account of his offense conduct was not logically consistent. Turrentine concluded by stating, "That's all I have to say." After the district court heard arguments from both parties with respect to the 18 U.S.C. § 3553(a) factors, it sentenced Turrentine to 120 months' imprisonment. We find that the district court adequately complied with Rule 32(i)(4)(A)(ii). The district court's invitation to speak specifically addressed Turrentine, he responded to the district court's statements and questions, and his arguments were clear and direct attempts to mitigate the district court's upcoming sentence. *See Stuver*, 845 F.2d at 74-75. Therefore, we find no error.

Accordingly, we affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3