**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4470**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

STORME ESAN JORDAN,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:06-cr-00404-RWT-2)

Submitted: March 31, 2011          Decided: April 21, 2011

Before TRAXLER, Chief Judge, and KING and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Wein, THE LAW OFFICES OF MICHAEL WEIN, Greenbelt, Maryland, for Appellant. Bryan E. Foreman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Storme Esan Jordan pled guilty to effecting transactions with an access device issued to another, in violation of 18 U.S.C. § 1029(a)(5) (2006), conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (2006), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006). The district court imposed concurrent sentences of sixty-three months' imprisonment on the access device counts, followed by a consecutive twenty-four month term on the identity theft count. Consistent with the plea agreement, the court also ordered restitution in the amount of $987,977.00 and forfeiture of itemized property and currency.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), noting no meritorious issues, but nevertheless challenging the sentencing court's consideration of hearsay information under Crawford v. Washington, 541 U.S. 36 (2004), and claiming that counsel may have provided ineffective assistance by failing to warn Jordan of the possibility of deportation. See Padilla v. Kentucky, 559 U.S. ___, 130 S. Ct. 1473, 1483 (2010). Counsel supplemented the Anders brief, citing United States v. Leftwich, 628 F.3d 665 (4th Cir. 2010), and requested remand to identify the precise statute under which the court imposed restitution. Jordan did not file a pro se supplemental brief. The Government

2

declined to file a brief. Finding no reversible error, we affirm.

First, consideration of reliable hearsay evidence was not erroneous. United States v. Love, 134 F.3d 595, 607 (4th Cir. 1998). Furthermore, Crawford has not been held to make the Confrontation Clause applicable to sentencing. See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005); United States v. Roche, 415 F.3d 614, 618 (7th Cir. 2005); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005); United States v. Martinez, 413 F.3d 239, 243-44 (2d Cir. 2005). Next, the record reveals that Jordan read, reviewed with counsel, and understood the plea agreement, which specifically provided that Jordan was subject to possible deportation or other loss of immigration rights. Furthermore, in his Rule 11 hearing, Jordan verified his understanding that he faced deportation as a result of his guilty plea. Finally, we decline counsel's suggestion that a remand for identification of the statute under which restitution was imposed is appropriate. The sentencing court properly considered the probation officer's accounting of losses to the victims, Jordan's economic circumstances, and the plea agreement's stipulation to restitution in imposing an authorized restitution order.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.  We therefore affirm Jordan's conviction and sentence. This court requires that counsel inform Jordan, in writing, of his right to petition the Supreme Court of the United States for further review.  If Jordan requests that a petition be filed, but counsel believes that such filing would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jordan.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>