PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

JUNE ORLANDO LEFTWICH,

        *Defendant-Appellant.*

No. 09-4419

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Roger W. Titus, District Judge.
(8:08-cr-00549-RWT-1)

Argued: October 29, 2010

Decided: December 20, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Agee
wrote the opinion, in which Judge Wilkinson and Judge King
joined.

---

## COUNSEL

**ARGUED:** Elita C. Amato, Arlington, Virginia, for Appel-
lant. Jonathan C. Su, OFFICE OF THE UNITED STATES
ATTORNEY, Greenbelt, Maryland, for Appellee. **ON**

**BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

---

**OPINION**

AGEE, Circuit Judge:

June Orlando Leftwich was convicted of mail fraud in violation of 18 U.S.C. § 1341 and filing false claims in violation of 18 U.S.C. § 287 in the United States District Court for the District of Maryland. He does not contest his convictions but appeals from the district court's judgment requiring him to make restitution to the United States in the amount of $2,404,087. For the reasons set forth below, we vacate the restitution order and remand to the district court for further proceedings consistent with this opinion.

I.

On December 22, 2008, Leftwich pled guilty, pursuant to a plea agreement, to charges of mail fraud and filing false claims. The stipulation of facts in the plea agreement established that Leftwich engaged in a multi-year scheme to defraud the United States through the submission of fraudulent tax returns to the Internal Revenue Service ("IRS"). The tax returns claimed that he or corporations owned by him or his co-conspirators paid taxes on fuel which had been used for non-taxable purposes, thus entitling them to refunds in excess of $4 million. However, these claims were all false. Of the more than $4 million claimed on the false returns, the IRS issued $2,404,087 in refund payments to Leftwich and his co-conspirators before the scheme was detected.

The plea agreement gave notice to Leftwich that the court "may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664." (J.A. 54). During the plea collo-

quy, the district court made clear that it had the authority to order restitution, yet it did not mention the statutory basis under which it would act. Leftwich later filed a memorandum in aid of sentencing in which he argued that 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act ("MVRA"), was inapplicable to his case. Even though Leftwich did not contest that restitution under 18 U.S.C. § 3663, the Victim Witness Protection Act ("VWPA"), could be considered by the district court, he argued that the statutory factors under the VWPA negated an award of restitution. The government did not respond to this argument.[1]

In ordering restitution at the sentencing hearing, the district court simply stated: "I'm going to make an order of restitution in the amount of $2,404,087, based upon the information that's been provided by the government at sentencing, and as well as in the presentence report and the plea agreement." (J.A. 113). The district court's written judgment identified only the amount of restitution, $2,404,087, and provided no statutory basis for the award. Thus, neither the court's statement from the bench nor its written order reflected the statute under which the restitution was imposed or that the court had considered any of the statutory factors it is to review in making a restitution award.[2]

---

[1]The government never argued in the district court that restitution was mandatory or what factors the court should address in ordering restitution. In fact, the government never addressed the MVRA or VWPA and appeared to assert restitution in some type of generic form. The government failed in its duty to bring the issue for decision before the district court which would have likely avoided the necessity of a costly and time-consuming remand. The government should take care to better present such an issue in future cases.

[2]Leftwich does not contest on appeal that $2,404,087 is the amount of restitution that could be awarded, subject only to the statutory payment factors under the MVRA or VWPA, whichever is determined to apply. Thus, the $2,404,087 restitution amount is established as the law of the case. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that a party abandons issues not raised in its opening brief).

Leftwich noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Leftwich contends that the district court failed to make sufficient findings of fact to support a restitution order under the VWPA. Specifically, he argues that the district court did not adequately consider his financial condition and ability to pay when deciding whether to order restitution as required by the VWPA. This argument depends upon the premise that the district court applied the VWPA in ordering restitution. The government now contends that restitution in the full amount of $2,404,087 was mandatory under the MVRA, which does not require the district court to make the specific findings that Leftwich contends were necessary.[3]

We review a district court's restitution order for abuse of discretion.[4] *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). Discretion in ordering restitution "is circumscribed by the procedural and substantive protections" of the statute authorizing restitution. *United States v. Henoud*, 81 F.3d 484, 487 (4th Cir. 1996) (quotations omitted). The restitution statutes, the VWPA and the MVRA, impose different require-

---

[3]Leftwich does not discuss the application of the MVRA until his reply brief. This is understandable as the government raised application of the MVRA for the first time in its brief in this Court. While Leftwich raises a waiver argument as to the MVRA, since this case must be remanded for the district court to identify the proper restitution statute and to proceed under that statute, we do not find the waiver argument applicable.

[4]We reject the government's contention that the clear error standard of review is appropriate here. The only decision of this Court cited by the government is both unsupportive of its claim and unpublished. In that case, this Court applied the clear error standard when reviewing the "district court's determination of the *amount* of loss for restitution purposes," *United States v. Ziadeh*, 104 F. App'x 869, 875 (4th Cir. 2004) (unpublished) (emphasis added), not when reviewing the district court's decision to order restitution in the first place.

ments on the district court when it determines an award of restitution. The failure of the district court in this case to specify the statute under which it ordered restitution prevents us from effectively determining whether the court properly exercised its discretion in fashioning that restitution order. In other words, without identifying the statutory basis upon which restitution was awarded, the district court's order cannot be properly reviewed on appeal. *United States v. Stuver*, 845 F.2d 73, 75 (4th Cir. 1988).

Under the VWPA, a district court "may order . . . that the defendant make restitution to any victim" of the offense. 18 U.S.C. § 3663(a)(1)(A); thus, an award of restitution under the VWPA is not mandatory. In determining whether to order restitution, the VWPA requires a court to consider "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i)(II). This provision requires the district court to make specific findings on the record pertaining to each of these factors and "failure to make the required findings necessitates remand." *United States v. Blake*, 81 F.3d 498, 505 (4th Cir. 1996) ("Such findings must tie the amount and type of restitution ordered to the financial resources, financial needs, and earning ability of the defendant." (citing *United States v. Molen*, 9 F.3d 1084, 1086 (4th Cir. 1993))). If the VWPA applies in this case, it is clear the district court failed to make the § 3663(a)(1)(B)(i)(II) findings which are a necessary condition precedent to an order of restitution under that statute.

In contrast, the MVRA mandates that the sentencing court order restitution in the full amount of the victim's loss when the defendant has been convicted of certain specified offenses. "In each order of restitution, the court shall order restitution to each victim in the *full* amount of each victim's losses . . . and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (empha-

sis added); *see United States v. Roper*, 462 F.3d 336, 338 (4th Cir. 2006) ("When a defendant is convicted of a crime specified in the MVRA . . . Congress has mandated that the defendant's sentence include full restitution to the victim."). This Court has interpreted the MVRA to "dictate that a district court cannot remit a mandatorily imposed restitution order." *Id.* at 339. Thus, the district court is precluded from ordering restitution in any amount less than the full amount of the victim's loss, *see id.* ("In *United States v. Alalade*, . . . [w]e held that the MVRA did not grant district courts discretion to award partial restitution . . . ." (citing *United States v. Alalade*, 204 F.3d 536, 540 (4th Cir. 2000))).

Although the MVRA does not permit the sentencing court to adjust the *amount* of restitution, it does require the court to set a payment schedule "in consideration of— (A) the financial resources and other assets of the defendant, including whether any of the assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2). This Court has interpreted this provision as requiring the district court to make factual findings keying the payment schedule to these factors and demonstrating the feasibility of the schedule. *United States v. Dawkins*, 202 F.3d 711, 717 (4th Cir. 2000). If the MVRA applies in this case, it is clear that the district court failed to make the § 3664(f)(2) findings which are a necessary condition precedent to an order of restitution under § 3663A.

### III.

Where "the statutory basis for the restitution order [is] critical to its validity," ensuring effective appellate review requires that sentencing courts "specify in the record the precise statute under which they act in imposing restitution." *Stuver*, 845 F.2d at 75. In light of the substantially different requirements of the MVRA and the VWPA, the failure of the district court to indicate which statute it was applying pre-

vents this Court from effectively conducting appellate review of the district court's exercise of discretion. We cannot review the district court's exercise of discretion over the unknown. This is particularly evident in this case where the differing statutory criteria of the VWPA and the MVRA require specific findings by the district court; none of which were made regardless of which statute applies. We repeat what we said in *Stuver*, "admonishing sentencing judges to specify in the record the precise statute under which they act in imposing restitution . . . . Only so can effective appellate review of restitution orders be ensured." *Id.*

Accordingly, we vacate the restitution order and remand to the district court for further proceedings to identify the statute under which restitution is awarded and to make the required findings under that statute.

*VACATED AND REMANDED*