**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4935**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

THOMAS JOSEPH DALTON,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:09-cr-00339-TLW-1)

─────────────

Submitted:  July 22, 2011        Decided:  August 15, 2011

─────────────

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia,
South Carolina, for Appellant.  Dean A. Eichelberger, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Joseph Dalton pled guilty pursuant to a plea agreement to one count of conspiracy to defraud the United States and the Internal Revenue Service, in violation of 18 U.S.C. § 286 (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal, but raising for the court's consideration whether two prior credit card fraud convictions should have been considered relevant conduct instead of being counted for Criminal History purposes. Dalton has filed a brief amplifying this issue and raising several others, mostly concerning sentencing. The Government did not file a brief. We affirm.

Relevant conduct may be used to increase an offense level if it was part of the same course of conduct or a common scheme or plan as the offense of conviction. See USSG § 1B1.3. Prior sentences may be used to determine the defendant's Criminal History Category. See U.S. Sentencing Guidelines Manual § 4A1.2(a) (2010). In this instance, the district court properly found that Dalton's prior convictions and sentences for credit card fraud should be counted toward his Criminal History Category. The conduct at the heart of Dalton's credit card fraud convictions occurred prior to the conspiracy charged in this instance and it did not entail engaging in fraudulent

2

conduct toward the United States or the Internal Revenue Service.

In his pro se supplemental brief, Dalton has raised several claims concerning sentencing. With regard to the order of restitution, Dalton did not challenge the district court's authority to order restitution, which was discussed during the Rule 11 hearing, or the amount of restitution as noted in the Presentence Investigation Report ("PSR"). Accordingly, this Court's review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Dalton must show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

Because there was an identifiable victim that suffered a pecuniary loss, restitution was mandatory. See 18 U.S.C. § 3663A(c)(1)(B) (2006); See United States v. Leftwich, 628 F.3d 665, 668 (4th Cir. 2010). Furthermore, the court was not authorized to consider Dalton's ability to pay restitution. "In each order of restitution, the court shall order restitution to

each victim in the full amount of each victim's losses . . . and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (2006). We note that the amount of restitution was based on specific information contained in the PSR. We further note that the district court "may accept any undisputed portion of the presence report as a finding of fact[.]" Fed. R. Crim. P. 32(i)(3)(A). Based on the record before us, we conclude there was no plain error.

We also conclude there was no plain error with respect to the special conditions imposed for Dalton's period of supervised release. District courts have broad latitude to order special conditions of supervised release and review is for abuse of discretion. See United States v. Holman, 532 F.3d 284, 288 (4th Cir. 2008). A court may order special conditions of supervised release provided the conditions are reasonably related to the § 3553(a) sentencing factors. See 18 U.S.C. § 3583(d)(1) (2006). Special conditions may be ordered in consideration of the nature and circumstances of the offense, the history and characteristics of the defendant, in order to deter the defendant from engaging in further criminal conduct and to protect the public from his misdeeds. Id. In this instance, the special conditions were directly related to the § 3553(a) sentencing factors.

We also conclude there was no plain error with regard to the amount of intended loss as stated in the PSR. The record supports this amount and there is nothing to suggest it was overstated. In addition, there was no plain error regarding the decision not to give Dalton credit for acceptance of responsibility, nor was Dalton denied his right to due process in this instance. In considering whether a defendant is eligible for an offense level reduction based on acceptance of responsibility, it is appropriate to consider whether the defendant terminated his criminal conduct. See USSG § 3E1.1 (comment., n. 1(b)). Because it appears Dalton did not end his criminal conduct after he pled guilty, "receipt of a sentence reduction for *acceptance of responsibility* would have been [] ludicrous[.]" Puckett v. United States, 556 U.S. 129, __, 129 S. Ct. 1423, 1433 (2009). Because Dalton did not challenge the PSR's findings in this regard, the district court could accept the findings. Fed. R. Crim. P. 32(i)(3)(A). In addition because Dalton was given the opportunity to challenge this finding at sentencing and did not, his right to due process was not violated.

We further conclude that the within-Guidelines sentence of ten years' imprisonment was both procedurally and substantively reasonable.

Dalton claims he was denied the right to counsel of his own choosing when the district court relieved Dalton's first counsel after finding that there may be conflict. "[T]he Sixth Amendment secures the right to the assistance of counsel, by appointment if necessary, in a trial for any serious crime." Wheat v. United States, 486 U.S. 153, 158 (1988). "[I]n evaluating Sixth Amendment claims, the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." Id. at 159 (internal quotation marks and citation omitted). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Id. The right to choose one's counsel does not necessarily include the right to choose counsel that may be operating under a possible conflict of interest. Id. at 159-60; see also Hoffman v. Leeke, 903 F.2d 280, 285 (4th Cir. 1990) ("[T]he Sixth Amendment right to counsel includes the right to effective assistance free of conflicts of interest[.]").

The Supreme Court recognized that not all conflicts may be waived by the defendant because "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."

6

<u>Wheat</u>, 486 U.S. at 160. The presumption in favor of a counsel of one's choosing may be overcome by a showing of an actual conflict of interest or the serious potential for a conflict of interest. <u>United States v. Basham</u>, 561 F.3d 302, 323 (4th Cir. 2009). The court has a duty to anticipate problems with representation and to promptly act to remedy a potential conflict. <u>Id.</u>

The district court is afforded discretion to determine whether to disqualify counsel due to a potential conflict of interest. <u>United States v. Williams</u>, 81 F.3d 1321, 1324-25 (4th Cir. 1996). When confronted with a potential conflict of interest, the district court is obligated to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should thus be disqualified. <u>Wheat</u>, 486 U.S. at 161-64. For this purpose, the court "must have sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal either on right-to-counsel grounds if it disqualifies the defendant's chosen lawyer, or on ineffective-assistance grounds if it permits conflict-infected representation of the defendant." <u>Williams</u>, 81 F.3d at 1324. (citing <u>Wheat</u>, 486 U.S. at 160).

We conclude the district court did not abuse its discretion in this regard. The court heard evidence that

7

implicated counsel's ability to raise mitigating arguments for Dalton at sentencing. In addition, it was noted that counsel was at risk at being called to testify if the Government elected to initiate criminal proceedings against Dalton based on new criminal conduct.

Finally, we conclude that Dalton's ineffective assistance of counsel claim is not ripe for review. Unless counsel's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2011)). Because there is no conclusive evidence on the record that counsel rendered ineffective assistance, the issue will not be reviewed at this juncture.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Dalton's conviction and sentence. This court requires that counsel inform Dalton, in writing, of the right to petition the Supreme Court of the United States for further review. If Dalton requests that a petition be filed, but counsel believes that such a petition would be frivolous,

8

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dalton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED