**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-5064**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

TARA PATRICE HUGHES,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:11-cr-00053-JMC-13)

─────────────

Submitted:  May 22, 2012         Decided:  June 27, 2012

─────────────

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

─────────────

F. Scott Pfeiffer, PFEIFFER GLEATON WYATT HEWITT, PA, Greenville, South Carolina, for Appellant.  William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tara Patrice Hughes, who pled guilty to one count of conspiracy to commit mail fraud, violating 18 U.S.C.A. §§ 1341 and 1349 (West Supp. 2011), appeals the district court's order that she pay $27,427.35 in restitution to three victims identified in the presentence report (the "PSR") prepared in her case. Hughes asserts that the district court erred in three ways, claiming (1) that the record failed to show evidence specifically linking the $27,427.35 directly to Hughes' actions in furtherance of the conspiracy; (2) that the PSR failed to elaborate sufficiently detailed findings demonstrating how each victim suffered the loss amount attributed to it in the PSR; and (3) that the district court gave insufficient consideration to Hughes' overall financial position, particularly in declining to direct nominal periodic payments under 18 U.S.C. § 3664(f)(3)(B) (2006).

The first two of Hughes' assertions are essentially parallel iterations of the same complaint; namely, that the district court failed to properly link the $27,427.35 loss amount to Hughes' particular conduct. Generally, restitution orders are reviewed for abuse of discretion. United States v. Leftwich, 628 F.3d 665, 667 (4th Cir. 2010). Because Hughes did not raise either of these arguments before the district court, however, this court's review is for plain error. United

2

States v. Ubakanma, 215 F.3d 421, 427 (4th Cir. 2000); United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995).

In our view, Hughes' argument neglects the fact that the Mandatory Victims Restitution Act (the "MVRA"), 18 U.S.C. § 3663A (2006) -- which governs the restitution ordered in her case -- "requires that defendants 'make restitution to the victim of the offense.'" United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003) (quoting 18 U.S.C. § 3663A(a)(1)) (emphasis in original). In other words, "the MVRA focuses on the offense of conviction rather than on relevant conduct." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010). As a consequence, "under the MVRA, each member of a conspiracy that in turn causes property loss to a victim is responsible for the loss caused by the offense," not merely for the loss occasioned by her overt acts. Newsome, 322 F.3d at 341 (emphasis in original). See also United States v. Plumley, 993 F.2d 1140, 1142 (4th Cir. 1993). Accordingly, it is immaterial that the three victims identified in the restitution order were not explicitly linked to the particular acts committed by Hughes, given that there is no dispute that they were victimized by the overall conspiracy in which Hughes took part.

Hughes also contends that the district court failed to consider her financial circumstances in fashioning the restitution order. Given that Hughes made this argument before

3

the district court, our review is for abuse of discretion. Leftwich, 628 F.3d at 667.

The MVRA requires the district court to set a payment schedule "in consideration of – (A) the financial resources and other assets of the defendant, including whether any of the assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents."  18 U.S.C. § 3664(f)(2).  We have "interpreted this provision as requiring the district court to make factual findings keying the payment schedule to these factors and demonstrating the feasibility of the schedule."  Leftwich, 628 F.3d at 668; see also United States v. Dawkins, 202 F.3d 711, 717 (4th Cir. 2000) (vacating and remanding restitution order because district court failed to make any findings "that key[ed] [defendant's] financial situation to the restitution schedule ordered or that the [restitution] order is feasible").

Here, although the district court reduced Hughes's payment schedule from $200 to $100 per month, the court failed to make such findings.  Accordingly, we vacate and remand the restitution order to the district court to make the required findings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material

4

before the court and argument will not aid the decisional process.

<u>AFFIRMED IN PART AND</u>
<u>VACATED AND REMANDED IN PART</u>