**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4004**

UNITED STATES OF AMERICA,

        Plaintiff -Appellee,

    v.

AUGUST BYRON KREIS, III,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:11-cr-00646-JFA-1)

Submitted: June 26, 2012        Decided: July 6, 2012

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

August Byron Kreis, III, pled guilty pursuant to a plea agreement to one count of knowingly falsifying an Improved Pension Eligibility Verification Report, in violation of 18 U.S.C. § 1001(a)(3) (2006), and was sentenced to time served and two years' supervised release. Kreis was also ordered to pay $192,837 in restitution. Kreis asserts that the district court erred when it calculated the loss amount attributable to his crime and, thus, he argues that the district court erroneously calculated his restitution amount. We affirm.

Although the district court's "[d]iscretion in ordering restitution is circumscribed by the procedural and substantive protections of the statute authorizing restitution[,]" United States v. Leftwich, 628 F.3d 665, 667 (4th Cir. 2010) (internal quotation marks and citation omitted), where an identifiable victim has suffered pecuniary loss, the district court must order restitution in the full amount of the victim's loss, regardless of the defendant's economic circumstances. See 18 U.S.C.A. §§ 3663A, 3664(f)(1)(A) (West 2000 & Supp. 2011). We review a district court's restitution order for abuse of discretion. See United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

However, we review "for clear error the district court's factual determination of the amount of loss attributable

2

to [Kreis], mindful that the [district] court need only make a reasonable estimate of the loss." United States v. Cloud, 680 F.3d 396, 409 (4th Cir. 2012) (construing United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003), and USSG § 2B1.1 cmt. n.3(C)), pet. for cert. filed, June 8, 2012. This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). We nonetheless review the district court's interpretation of the term "loss" under the Sentencing Guidelines under a de novo standard of review. See Miller, 316 F.3d at 498; United States v. Parsons, 109 F.3d 1002, 1004 (4th Cir. 1997).

We have reviewed the record and have considered the parties' arguments and conclude that the district court did not err in calculating the amount of loss to attribute to Kreis and, thus, did not err in calculating Kreis's restitution amount. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3