**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4955**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DANNY KERN GRIGG, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:11-cr-00248-RJC-1)

Submitted: May 14, 2013                 Decided: May 16, 2013

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Kern Grigg, Jr., appeals the twenty-four-month sentence of imprisonment and $225,000 in restitution ordered following his guilty plea to four counts of wire fraud and aiding and abetting, in violation of 18 U.S.C.A. §§ 1343 and 2 (West 2006 & Supp. 2013). On appeal, Grigg's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court's sentence was reasonable and whether the restitution ordered was excessive. Grigg was advised of his right to file a pro se supplemental brief but he has not filed one. Finding no error, we affirm.

Counsel first questions the procedural reasonableness of the twenty-four-month within-Guidelines sentence. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). Here, counsel specifically challenges whether the district court properly assessed a two-level enhancement for Grigg's role in the offense. In assessing the district court's application of a sentence enhancement, we review "the district court's legal conclusions de novo and its factual findings for clear error." United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012)

2

(internal quotation marks and brackets omitted). A two-level increase to a defendant's base offense level is warranted "[i]f the defendant was an organizer, leader, manager, or supervisor" in the charged offense and the offense involved less than five participants. U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2010). The Guidelines identify the following factors courts should use to distinguish between leaders, organizers, managers, supervisors and other participants:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4; see United States v. Chambers, 985 F.2d 1263, 1269 (4th Cir. 1993) (requiring district court to make specific factual findings in light of above factors). Upon review, we conclude that the district court did not err in applying the two-level role enhancement. Thus, the district court committed no procedural error in imposing Grigg's sentence.

Next, counsel questions the substantive reasonableness of the sentence imposed. In considering substantive reasonableness, we "take into account the totality of the circumstances." Gall, 552 U.S. at 51. When, as in this case, the sentence imposed is within the applicable Guidelines range,

3

it is presumptively reasonable.  United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).  The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).  We conclude that Grigg has failed to rebut the presumption of reasonableness afforded to the within-Guidelines sentence.  Thus, the district court did not abuse its discretion in sentencing Grigg to twenty-four months' imprisonment.  See Gall, 552 U.S. at 46 (providing standard of review).

Counsel also questions whether the restitution award was excessive.  Under the Mandatory Victims Restitution Act ("MVRA"), "the court shall order . . . that the defendant make restitution to the victim of the offense."  18 U.S.C. § 3663A (2006).  "Because the MVRA focuses on the offense of conviction rather than on relevant conduct, the focus of a sentencing court in applying the MVRA must be on the losses to the victim caused by the offense."  United States v. Llamas, 599 F.3d 381, 390-91 (4th Cir. 2010) (internal quotation marks, alterations, and emphasis omitted).  Upon review, we conclude that the district court did not abuse its discretion in ordering Grigg to pay $225,000 in restitution to the victims of his offenses.  See United States v. Leftwich, 628 F.3d 665, 667 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Grigg, in writing, of his right to petition the Supreme Court of the United States for further review. If Grigg requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Grigg. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED