**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4215**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

JALIL G. BURTON,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:13-cr-00249-D-1)

———————

Submitted:  December 16, 2014     Decided:  February 24, 2015

———————

Before KEENAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jalil Burton was sentenced to forty-two months' imprisonment and ordered to pay $133,300 in restitution for conspiring to pass counterfeit currency, in violation of 18 U.S.C. § 371 (2012). On appeal, Burton contends that (1) the district court clearly erred in calculating his Guidelines range, (2) his sentence was unreasonable, and (3) the district court abused its discretion in fashioning its restitution order. We affirm.

In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). A procedural sentencing error is harmless when "the district court would have reached the same result even if it had decided the [G]uidelines issue[s] the other way," and "the sentence would be reasonable even if the [G]uidelines issue[s] had been decided in the defendant's favor." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (internal quotation marks omitted).

We have reviewed the record and conclude that, even if the district court erred in calculating Burton's Guidelines range, any such errors were harmless. Savillon-Matute, 636 F.3d at 123-24; United States v. Hargrove, 701 F.3d 156, 161-63 (4th

2

Cir. 2012) (discussing assumed error harmlessness inquiry). The first prong of the harmless error test is satisfied by the district court's explicit statement that it would impose the same forty-two-month sentence even if it had wrongly calculated Burton's Guidelines range. Under the second prong, we consider whether the district court's sentence was substantively reasonable. We "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding the sentence it chose satisfied the standards set forth" in 18 U.S.C. § 3553(a) (2012). United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.) (alteration and internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Washington, 743 F.3d 938, 944 (4th Cir. 2014). Here, the district court explicitly referenced several § 3553(a) factors in announcing its sentence, and we conclude that the district court's sentence was substantively reasonable. Because both prongs of the harmless error test have been met, we reject Burton's challenges to the district court's Guidelines calculation and sentence.

3

The subject of Burton's final challenge, the district court's restitution order, is reviewed for abuse of discretion. United States v. Leftwich, 628 F.3d 665, 667 (4th Cir. 2010). Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664 (2012), the district court must order the defendant to make restitution to victims of an offense against property. § 3663A(a), (c)(1)(A)(ii). When "return of the property . . . is impossible, impractical, or inadequate," the defendant must pay "the greater of— (I) the value of the property on the date of . . . loss . . . or (II) the value of the property on the date of sentencing, less" the value of the property, if any, that is returned. § 3663A(b)(1)(B).

Under the MVRA, a "victim" is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." § 3663A. In a conspiracy, this includes "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." § 3663A(a)(2). In other words, "for purposes of ordering restitution under a comparable statute, losses caused by a conspiracy include not only those resulting from the defendant's individual actions but also others caused by the conspiracy itself." United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003) (internal quotation marks omitted).

4

We have reviewed the record and conclude that the district court did not abuse its discretion in fashioning the restitution order. In particular, the court appropriately weighed the thorough spreadsheet presented by the government, detailing the conspiracy's numerous transactions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED