**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4717**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MANOJ KUMAR JHA,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Ellen L. Hollander, District Judge. (1:12-cr-00595-ELH-1)

Submitted:  March 31, 2015          Decided:  June 4, 2015

Before NIEMEYER, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel J. Wright, LAW OFFICE OF DANIEL J. WRIGHT, Rockville, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Manoj Kumar Jha was convicted of three counts of wire fraud, one count of mail fraud, one count of falsification of records, and one count of theft from a federal program. The district court sentenced Jha to 36 months' imprisonment on each count to run concurrently, and ordered restitution in the amount of $68,078.31 to the National Science Foundation and $37,648 to the Department of Defense. Jha appeals, challenging the district court's denial of his motion to suppress evidence and statements, denial of his request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and denial of his motion in limine by which he sought to exclude evidence of the content of a slide presentation shown during a workshop he attended. Jha also challenges the district court's determination of the amount of loss, and the restitution order. Finding no error by the district court, we affirm.

Jha moved to suppress evidence discovered as a result of the execution of a search warrant concerning his work email address when the search warrant affidavit purported to establish probable cause to search one address, but the warrant itself listed a different email address. No relevant evidence was discovered as a result of the execution of this search warrant. Rather, the Government acquired the email evidence it sought from another source. Thus, any error by the district court in

denying Jha's motion to suppress evidence recovered from his work email account was harmless. <u>See</u> <u>Hudson v. Michigan</u>, 547 U.S. 586, 591 (2006) (quoting <u>Wong Sun v. United States</u>, 371 U.S. 471, 487-88 (1963)).

Next, Jha challenges the district court's denial of his motion to suppress evidence discovered during the search of his residence, arguing that the search warrant directed to his business was overly broad because the scope of the search was not limited to the basement of his home, from where he operated his business. Because all public documentation as to Jha's company lists his home address as the address for the business, without limitation such as floor designation or suite number, we find no error in the district court's determination that the search warrant satisfied the requirement that it describe with particularity the place to be searched. <u>See</u> U.S. Const. amend. IV; <u>United States v. Owens</u>, 848 F.2d 462, 463 (4th Cir. 1988) (holding that search warrant satisfies the particularity requirement if the description enables an officer to ascertain and identify the place to be searched with reasonable effort).

We also find no error by the district court in denying Jha's request for a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Jha asserted that the special agent, in seeking a search warrant, failed to inform the magistrate judge of the two different work email addresses Jha used and also

failed to inform the magistrate judge that Jha's business was operated only from the basement of the home.

To warrant a Franks hearing, the defendant must show that the officer seeking a warrant omitted facts from the affidavit with the intent to mislead or with reckless disregard to whether the affidavit is misleading. United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). In light of the agent's testimony presented at the suppression hearing, the district court concluded that the agent exercised due diligence to determine the current email address for Jha at his place of employment and also to determine the particular address for Jha's company. We find no clear error in the district court's findings that there was no intent to deceive or reckless disregard for the truth with respect to the search warrant affidavit for the email account or for the residence. See United States v. Allen, 631 F.3d 164, 171 (4th Cir. 2011) (providing standard).

Jha also challenges the district court's denial of his motion to suppress statements he made during the execution of the search warrant at his home. He contends that he was "in custody" and therefore should have been given the Miranda v. Arizona, 384 U.S. 436 (1966), warnings prior to being interviewed by the agents.

The district court, considering the totality of the circumstances, concluded that Jha was not in custody at the

4

time, see Berkemer v. McCarty, 468 U.S. 420, 440 (1984), and that his statements were voluntary and therefore were admissible. See Oregon v. Mathiason, 429 U.S. 492, 495 (1977). Viewing the evidence in the light most favorable to the Government, United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012), we agree with the district court's determination that the circumstances of Jha's interview are distinguishable from those in United States v. Hashime, 734 F.3d 278, 282 (4th Cir. 2013) (finding defendant in custody in home during search warrant after officers entered the home with great show of force, got Hashime out of bed at gun point, led him downstairs and outside in his boxer shorts, and then separated him from his family and interviewed him for three hours in a small basement room), and that Jha was not in custody at the time of the interview. Accordingly, the district court appropriately denied the motion to suppress Jha's statements.

Jha asserts that the district court erred by denying his motion in limine by which he sought to exclude evidence of the content of a slide presentation shown during a workshop he attended. The district court's decision as to the admissibility of evidence is reviewed for an abuse of discretion. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). The challenged evidence was relevant to Jha's knowledge of the qualifications for the grant for which he had applied. Because

5

Jha was charged with misrepresenting his qualifications in an application for grant money submitted after the date of the presentation, the district court did not abuse its discretion in ruling that this evidence was admissible.

Next, Jha challenges the 14-level enhancement to his offense level based on the district court's determination that the amount of loss attributed to his crimes exceeded $400,000. The Government asserted that actual loss was $200,000 and intended loss was $500,000; Jha disputes that there was any actual loss.

The amount of loss for sentencing purposes "is the greater of actual loss or intended loss." U.S. Sentencing Guidelines Manual § 2B1.1(b)(1), cmt. n.3(A) (2013). Notwithstanding the actual loss amount, we conclude that the district court appropriately determined that the intended loss from Jha's scheme was $500,000 based on Jha's conduct in having drafted the Phase II grant application seeking to secure a grant in the amount of $500,000, using the same information and false representations he used in the prior two grant applications. Accordingly, the court did not err in determining the loss amount. See United States v. Allmendinger, 706 F.3d 330, 341 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013).

Lastly, Jha challenges the restitution order imposed by the district court. The district court's restitution order is

reviewed for abuse of discretion. United States v. Leftwich, 628 F.3d 665, 667 (4th Cir. 2010). However, where, as here, the defendant did not object to the amount of restitution ordered, review is for plain error. United States v. Seignious, 757 F.3d 155, 160 (4th Cir. 2014).

Jha argued that he provided technical research reports in exchange for the award of grant money and therefore the Government did not sustain any loss as a result of his conduct. However, as the district court determined, the grant money was not paid to Jha in exchange for his research reports, but rather to promote collaborative research between small businesses and research facilities. Also, as a result of Jha's student stipend scheme, research funds from the Department of Defense alloted for research purposes were instead diverted to Jha's personal benefit. We find that the district court did not commit error, much less plain error, in finding that Jha defrauded two government agencies and in the determination of the amount of restitution owed. See Seignious, 757 F.3d at 162.

We affirm Jha's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7