**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4542**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK LOVEL BRISTOW,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:14-cr-00086-H-1)

Submitted: May 25, 2017                                    Decided: May 30, 2017

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Lovel Bristow pled guilty, pursuant to a plea agreement, to theft of government property, in violation of 18 U.S.C. § 641 (2012). The district court sentenced Bristow to one year and one day of imprisonment and three years of supervised release. The court ordered $799,894.90 in restitution. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bristow's restitution is reasonable. Although notified of his right to do so, Bristow has not filed a pro se brief. We affirm.

"We review a district court's restitution order for abuse of discretion." *United States v. Leftwich*, 628 F.3d 665, 667 (4th Cir. 2010). A sentencing court may "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3) (2012). Although Bristow's restitution total consists, in part, of losses attributable to charged but subsequently dismissed criminal conduct, Bristow's plea agreement specifically provided for restitution of $799,894.90. Accordingly, the district court did not err by ordering restitution consistent with the plea agreement.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Bristow, in writing, of the right to petition the Supreme Court of the United States for further review. If Bristow requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bristow. We dispense with oral argument because the facts

2

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*