**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4034**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES WILLIE WALLER, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:16-cr-00014-JLK-1)

Submitted:  September 28, 2018                     Decided:  October 11, 2018

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emma Maddux Kozlowski, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Willie Waller, Jr., appeals from the criminal judgment entered following his guilty plea to wire fraud, in violation of 18 U.S.C. § 1343 (2012), aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012), and student aid fraud, in violation of 18 U.S.C. § 2 and 20 U.S.C. § 1097(a) (2012), contending that the district court plainly erred in ordering that he pay $117,958 as restitution. We affirm.

We review for plain error Waller's arguments on appeal because he did not raise them in the district court. *United States v. Seignious*, 757 F.3d 155, 160 (4th Cir. 2014). To establish plain error, Waller must show that the district court committed a clear or obvious legal error affecting his substantial rights that also "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 160-61 (internal quotation marks omitted).

"Federal courts do not have the inherent authority to order restitution, but must rely on a statutory source to do so." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (internal quotation marks omitted). "Outside of the probation context, restitution to victims of federal crimes is governed predominately by either the [Victim and Witness Protection Act of 1982 (VWPA)] or the [Mandatory Victims Restitution Act of 1996 (MVRA)]." *Id.* at 206-07. "The structure and language of the VWPA and MVRA are substantively the same, and the procedures for imposing and enforcing restitution pursuant to both statutes are set out in 18 U.S.C. § 3664 [(2012)]." *Id.* at 207. The "critical difference" between the statutes concerns the district court's discretion. *Id.* The VWPA authorizes, but does not require, district courts to order restitution to victims

2

when sentencing defendants for certain criminal offenses and directs the courts to consider—among other matters—the financial resources of the defendant in determining whether, and in what amount, to order restitution. 18 U.S.C. § 3663(a)(1)(A), (B)(i)(II); *see Ritchie*, 858 F.3d at 207. The MVRA—which supersedes the VWPA in part—obligates a district court to order restitution in the full amount of the victim's loss caused by certain offenses, including offenses "against property" under Title 18 of the United States Code and offenses where an identifiable victim has suffered pecuniary loss, without regard to the defendant's financial condition or ability to pay. 18 U.S.C. §§ 3663A(c)(1)(A)(ii), (B), 3664(f)(1)(A); *see Ritchie*, 858 F.3d at 207.

Waller argues that the restitution order should be reversed because the district court did not articulate at sentencing whether it was ordering restitution pursuant to the VWPA or the MVRA. This court has "admonished sentencing judges to specify in the record the precise statute under which they act in imposing restitution." *Ritchie*, 858 F.3d at 207 n.3 (internal quotation marks and alteration omitted). Where, however, "a district court fails to state the basis for ordering restitution, our precedent permits us to review the record to ascertain the ground relied on for the order." *Id.* at 207. The district court here did not state at sentencing the statutory basis for its order of restitution. Nevertheless, we easily conclude that the district court imposed restitution under the MVRA.

Waller agreed in his plea agreement that he would pay restitution as required under the MVRA or the VWPA. The presentence report (PSR)—which makes no mention of the VWPA—stated explicitly that "[t]he provisions of the [MVRA] apply to

3

[Waller's] Title 18 offense" and that, "[p]ursuant to 18 U.S.C. § 3663A, restitution in the total amount of $117,958 shall be ordered in this case." At sentencing, the district court confirmed there were no objections to the PSR, adopted it in its entirety without change, and imposed the restitution sum recommended in the PSR. On this record, it is evident that the district court ordered restitution pursuant to the MVRA. *See Ritchie*, 858 F.3d at 207-08 (relying on these factors to find that district court imposed restitution under MVRA).[1]

Next, Waller suggests that wire fraud, student loan fraud, and identity theft may not qualify as offenses against property within the ambit of the MVRA and that American Public University (APU) and the University of Phoenix (UOP) are not victims under the MVRA[2] because these universities incurred no compensable losses in this case. We deem these claims abandoned because they were not presented in accordance with

_____

[1] Waller's reliance on *United States v. Leftwich*, 628 F.3d 665 (4th Cir. 2010), to urge a different conclusion is unavailing. In *Leftwich*, this court vacated a restitution order after the district court failed to identify the statutory authority under which it had acted and did not conform to the statutory requisites of either the VWPA or the MVRA before ordering restitution. 628 F.3d at 668-69. Leftwich knew from the plea agreement that the district court could order restitution pursuant to the VWPA or the MVRA. *Id.* at 666. However, neither the PSR nor the district court's statements from the bench in *Leftwich* identified the statutory authority for the restitution order. *Id.* at 667. The concerns in *Leftwich* about appellate review of "the district court's exercise of discretion over the unknown" are not present here. *Id.* at 669. Rather, it is evident in this case that the district court ordered restitution pursuant to the MVRA.

[2] Because the district court applied the MVRA, there is no need to address Waller's claims that the restitution order must be vacated because the district court did not make certain findings necessary for imposing restitution pursuant to the VWPA and because APU and UOP do not qualify as victims under the VWPA.

Fed. R. App. P. 28(a)(8)(A). *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 n.7 (4th Cir. 2015).

Waller also argues that the restitution order must be reversed because the district court failed to make findings about the manner and schedule of restitution payments, as required under 18 U.S.C. § 3664(f)(2). The MVRA requires a district court to set a restitution payment schedule "in consideration of—(A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to dependents." 18 U.S.C. § 3664(f)(2). This court "has interpreted this provision as requiring the district court to make factual findings keying the payment schedule to these factors and demonstrating the feasibility of the schedule." *Leftwich*, 628 F.3d at 668. The § 3664(f)(2) findings "are a necessary condition precedent to an order of restitution under [the MVRA]." *Id.* A district court may comply with its factfinding obligations "by announcing its findings on the record or by adopting adequate proposed findings contained with a [PSR]." *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000) (internal quotation marks omitted).

Here, the district court set a schedule for the payment of restitution. The court ordered that Waller pay restitution in equal monthly installments of $100, commencing 30 days after his release from prison. Additionally, the PSR—which contains a section listing Waller's assets, income, and outstanding debts—contains facts reflecting the considerations in § 3664(f)(2). The district court adopted the proposed findings in the

5

PSR, and its "adopti[on of] these facts" in connection with its decision to impose the monthly restitution payment schedule "adequately discharged" its statutory obligation. *Id. at* 717. With respect to feasibility, the criminal judgment explicitly reflects that, in establishing the restitution payment schedule, the district court assessed Waller's ability to pay. The court also determined at sentencing that Waller lacked the ability to pay interest on his restitution obligation and waived payment of interest. Although the district court did not utter the words "feasible" or "feasibility" during the sentencing hearing, the clear implication from its imposition of the payment schedule was that the $100 monthly payment was an amount Waller feasibly could pay.

Waller fails to establish error—plain or otherwise—in the district court's restitution order. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*