**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4631

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PRISCILLA ANDERSON COVINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:19-cr-00421-MGL-2)

Submitted:  March 25, 2024                          Decided:  April 18, 2024

Before HARRIS and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James T. McBratney, Jr., MCBRATNEY LAW FIRM, PA, Florence, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Amy F. Bower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Priscilla Anderson Covington pled guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Covington's conviction stemmed from her participation, along with her husband and two sisters-in-law, in a Medicaid fraud scheme. The district court sentenced Covington to 39 months' imprisonment and three years of supervised release. The court ordered Covington to pay $3,647,094.83 in mandatory restitution in monthly installments of $200, to begin 30 days after entry of the judgment. The court also imposed a discretionary special condition of supervised release requiring Covington to adhere to the restitution payment schedule (hereinafter, "restitution condition").

On appeal, Covington's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether Covington's guilty plea is valid. In a pro se supplemental brief, Covington challenged the substantive reasonableness of her sentence. Upon review of the case pursuant to *Anders*, we ordered supplemental briefs from the parties to address two related questions: (1) whether the district court made sufficient factual findings pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A, 3664, to support the imposed restitution payment schedule, and (2) whether the district court adequately explained its reasons for imposing the restitution condition. The parties have filed their supplemental briefs. Finding no reversible error, we affirm.

A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences."

2

*United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (cleaned up).

Because Covington did not move to withdraw her guilty plea in the district court, we review the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, Covington must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gillespie*, 27 F.4th 934, 940 (4th Cir. 2022) (internal quotation marks omitted). "An error is plain when it is clear or . . . obvious under current law." *United States v. Hope*, 28 F.4th 487, 507 (4th Cir. 2022) (cleaned up). "[F]or an error to prejudice a defendant sufficiently to affect substantial rights, it must have affected the outcome of the district court proceedings." *Gillespie*, 27 F.4th at 940 (cleaned up).

Our review of the plea hearing transcript reveals that the district court did not inform Covington of the penalties for perjury or false statement, of her right to counsel at every stage of the proceedings, and of the potential immigration consequences of pleading guilty. *See* Fed. R. Crim. P. 11(b)(1)(A), (D), (O). Nonetheless, the court ensured that Covington was competent to plead guilty, that her plea was knowingly and voluntarily entered, and that an independent factual basis supported the plea. And nothing in the record suggests that, but for the minor omissions in the plea colloquy, Covington would have elected to

3

proceed to trial. *See Sanya*, 774 F.3d at 816. We therefore conclude that Covington's guilty plea is valid.

Next, when ordering restitution under the MVRA, a district court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). In doing so, the court must consider a defendant's "financial resources and other assets," her "projected earnings and other income," and any other "financial obligations . . . , including obligations to dependents." 18 U.S.C. § 3664(f)(2)(A)-(C). "[T]his provision . . . requir[es] the district court to make factual findings keying the payment schedule to these factors and demonstrating the feasibility of the schedule." *United States v. Leftwich*, 628 F.3d 665, 668 (4th Cir. 2010). A court may comply with its factfinding obligations under the MVRA "by announcing its findings on the record or by adopting adequate proposed findings contained within a presentence report [(PSR)]." *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000) (internal quotation marks omitted). Because Covington did not challenge the restitution order in the district court, we review the sufficiency of the court's factual findings for plain error. *United States v. Seignious*, 757 F.3d 155, 165 (4th Cir. 2014).

Here, the district court did not "announc[e] its findings on the record" with respect to the MVRA. *Dawkins*, 202 F.3d at 716. And although the court adopted the findings in the PSR, which provided that restitution was mandatory and suggested a payment schedule of $200 a month, the PSR did not explain why the suggested payment schedule was feasible in light of Covington's financial circumstances. *See id.*

4

Nonetheless, Covington has not demonstrated that any error, even assuming it was qualified as "plain," affected her substantial rights. On appeal, Covington does not address how the court's alleged error prejudiced her, nor does she contend that the restitution payment schedule has proven infeasible. The PSR recounted that Covington had a bachelor's degree, professional certifications, and a consistent employment history—all of which suggested she would have the ability to pay $200 a month. *See United States v. Karam*, 201 F.3d 320, 330 (4th Cir. 2000) (noting that "[a] negative net worth at the time of sentencing [did] not necessarily indicate an inability to pay," where the PSR established that defendant was "well-educated" and had "extensive [work] experience"). Also, notably, the court delayed Covington's reporting date by several years, corresponding to the expiration of her husband's custodial term. Thus, unlike most defendants, Covington was not incarcerated for several years following the court's judgment, allowing her the opportunity to obtain employment. Accordingly, we conclude that Covington fails to demonstrate that any error concerning the district court's factfinding obligations under the MVRA affected her substantial rights.

Covington next argues that the district court failed to adequately explain its reasons for imposing the restitution condition. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* Because Covington did not

5

challenge her supervised release conditions in the district court, we review those conditions for plain error. *United States v. Boyd*, 5 F.4th 550, 554 (4th Cir. 2021).

"District courts have broad latitude to impose discretionary conditions of supervised release." *Id.* at 557 (internal quotation marks omitted). Still, "a court may only impose conditions that (1) are 'reasonably related' to the goals of deterrence, public protection, and rehabilitation; (2) affect 'no greater deprivation of liberty than is reasonably necessary' to achieve those goals; and (3) are 'consistent with any pertinent policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3583(d)).

To permit meaningful appellate review, a district court must explain why a discretionary condition is warranted under § 3583(d). *Id.* However, "[t]he degree of explanation required . . . varies with the complexity of a given case." *Id.* "[I]f the reasons for a given condition are self-evident, and a defendant fails to raise nonfrivolous objections" to the condition, "a court's overarching explanation of [the] sentence as a whole" may suffice. *Id.* at 559 (cleaned up).

We conclude that Covington fails to demonstrate plain error with respect to the restitution condition. Because the restitution condition merely required Covington to adhere to the restitution payment schedule, the condition did not create any imposition to which Covington was not already subject under the judgment. *See id.* at 557 (noting that "the more onerous the term of supervised release—whether due to its duration or to the rigor of its conditions—the greater the justification required" (internal quotation marks omitted)). Furthermore, the reasons for the restitution condition are "self-evident" considering Covington's mandatory restitution obligation. *Id.* at 559 (internal quotation

6

marks omitted). Consequently, the district court's "explanation of [the] sentence as a whole" sufficed. *Id.*

Our review of the record does not reveal any procedural error related to Covington's sentence. The district court correctly calculated the Guidelines range, allowed the parties to argue, and explained why it believed a below-Guidelines sentence of 39 months' imprisonment was appropriate. Covington's sentence is therefore procedurally reasonable.

Finally, in her pro se supplemental brief, Covington contends that her sentence is substantively unreasonable because of her minimal role in the conspiracy and because she did not originate the conspiracy. Our "review for substantive reasonableness takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *Gillespie*, 27 F.4th at 945.

At sentencing, the district court found that Covington had a substantial role in the conspiracy and that she had the capability of ending the conspiracy but did not do so. Still, the court varied downward because Covington did not originate the conspiracy and because she arguably lacked as much decision-making authority as her coconspirators. On this record, Covington fails to rebut the presumption of substantive reasonableness afforded her below-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

7

This court requires that counsel inform Covington, in writing, of the right to petition the Supreme Court of the United States for further review. If Covington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Covington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*